IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM PRESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| MCAFEE, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

COMES NOW, Defendant, McAfee, Inc. ("Defendant" or "McAfee") and hereby files this Notice of Removal, and would respectfully show the Court as follows:

## I.
## STATE PROCEEDING

1.     This action was commenced on April 2, 2010. Plaintiff, William Preston ("Preston"), originally filed this lawsuit against Defendant McAfee in 44th-B Judicial District Court, Dallas County, Dallas, Texas, styled *William Preston v. McAfee, Inc.,* Cause No. 10-03889.  In his original state court petition, Preston asserted claims of race discrimination in connection with his termination from McAfee.  Preston asserts these claims under the Texas Commission on Human Rights Act and Section 21.2585 of the Texas Labor Code.

2.     Defendant McAfee filed its Answer to Plaintiff's Original Petition on April 30, 2010.

## II.
## TIMELINESS

3.     Defendant McAfee, Inc. was served on April 8, 2010, and filed its Answer to Plaintiff's Original Petition on April 30, 2010.

4.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after Defendant McAfee, Inc. received the Citation and Petition.

## III.
## JURISDICTION

5.     Removal is proper because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  First, the parties are diverse.  Upon information and belief, Plaintiff is, and was at the time this suit was commenced, domiciled in the State of Texas.  Defendant McAfee is a Delaware corporation with its principle place of business  located at 3965 Freedom Circle, Santa Clara, California 95054.  Thus, Defendant is a citizen of the State of California.  Accordingly, there is complete diversity of citizenship between Plaintiff (Texas) and Defendant (California).

6.     Second  while Defendant contends that Plaintiff's allegations are without merit and that Plaintiff is not entitled to any recovery, it is apparent from Plaintiff's Original Petition that the amount in controversy exceeds the jurisdictional requirements.  Indeed, and in addition to seeking actual damages in the form of back pay and front pay, compensatory and consequential damages, punitive and exemplary damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.  Plaintiff's salary started at $85,000[1]. Accordingly, Defendant alleges in good faith that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant, as well as the state court docket sheet, are attached hereto as follows:

---

[1] Offer letter signed by Preston attached as Ex. B.

A.          Defendant's Index of Attachments to Notice of Removal (Ex. A)

B.          Offer letter to Preston (Ex. B)

C.          Notice of Removal (State)  (Ex. C)

D.          State Civil Docket Sheet  (Ex. D)

E.          Plaintiff's Original Petition  (Ex. E)

F.          Defendant's Answer to Plaintiff's Original Petition (Ex. F)

G.          Defendant's Certificate of Interested Persons and Corporate
            Disclosure Statement (Ex. G)


8.      Consistent with 28 U.S.C. § 1441(a), venue is proper in the Northern District of

Texas, Dallas Division, because this district and division embraces the place in which the

removed action has been pending.

9.      Defendant is providing written notice to Plaintiff of this Notice of Removal, and

will promptly file a copy of this Notice of Removal with the clerk of the state court in which the

action has been pending.

10.     Defendant reserves the right to supplement this Notice of Removal.

11.     Further, pursuant to N.D. Tex. Local Rule 81, a list of all parties of interest in the

case; a list of all attorneys involved in the action being removed; a record of which parties have

requested trial by jury; and the name and address of the Court from which is case is being

removed, is attached hereto as "Exhibit G" and is incorporated herein by reference

WHEREFORE, Defendant McAfee, Inc. hereby removes this action now pending against

it in the 44th-B Judicial District Court, Dallas County, Texas.

Respectfully submitted,

GRUBER HURST JOHANSEN & HAIL, LLP

By: s/ Mark A. Shank
      MARK A. SHANK
      State Bar No. 18090800

1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Telephone:  214.855.6800
Facsimile:  214.855.6808

ATTORNEY FOR DEFENDANT,
McAFEE, INC.

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 6th day of May, 2010, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, upon the following counsel of record:

David L. Wiley
Gibson Wiley, PLLC
1700 Commerce Street
Suite 1570
Dallas, Texas 75201-5302

                s/ Mark A. Shank
                Mark A. Shank